# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Lois H. Goodman |
| v. | : | Mag. No. 19-4575 (LHG) |
| DAVID M. FREW | : | **CRIMINAL COMPLAINT** |
| | | **[TO BE FILED UNDER SEAL]** |

      I, Brian Teague, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

      I further state that I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations, and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
Brian Teague, Special Agent
United States Department of
Homeland Security
Homeland Security Investigations

Sworn to before me and subscribed in my presence,

November 19, 2019          at          Trenton, New Jersey
Date                                              City and State

Honorable Lois H. Goodman
United States Magistrate Judge                    _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

1

**ATTACHMENT A**

**COUNT ONE**
**(Sexual Exploitation of Children)**

On or about June 18, 2017, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

**DAVID M. FREW,**

did knowingly employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce, MINOR VICTIM 1, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and did attempt so to do.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT TWO
### (Online Enticement of a Minor to Engage in Criminal Sexual Conduct)

From on or about May 21, 2017, through on or about June 29, 2017, in Ocean County, in the District of New Jersey, and elsewhere, the defendant,

DAVID M. FREW,

using the mail and any facility and means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, MINOR VICTIM 1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, and did attempt so to do.

In violation of Title 18, United States Code, Sections 2422(b) and 2.

## COUNT THREE
### (Receipt of Child Pornography)

On or about June 18, 2017, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

DAVID M. FREW,

did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and Title 18, United States Code, Section 2.

## ATTACHMENT B

I, Brian Teague, am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this Affidavit is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Defendant DAVID M. FREW ("FREW") is a registered sex offender and resides in Little Egg Harbor, New Jersey. FREW was previously convicted in Pennsylvania of three felony counts of Unlawful Contact with a Minor – Obscene and Other Sexual Materials and Performances and one felony count of Criminal Use of a Communication Facility, and was previously convicted in New Jersey of one felony count of Endangering the Welfare of Children.

2. In or about June 2017, an investigation by law enforcement officers from the HSI office in Ottawa, Canada, the Royal Canadian Mounted Police ("RCMP") Technical Crime Unit, and the RCMP National Child Exploitation Coordination Centre, uncovered evidence of online conversations over an online messaging service between the account of a then thirteen-year-old minor ("MINOR VICTIM 1"), located in Canada, and a messaging account registered to an email address (the "Frew Account"). Law enforcement subsequently determined that FREW was the subscriber for the email address. During the conversations, FREW, using the Frew Account, asked MINOR VICTIM 1 to send him, among other things, images constituting child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and to engage in sexual conduct on camera during live video streaming sessions. MINOR VICTIM 1 acquiesced to FREW's requests, and sent him such images and engaged in sexual conduct on camera.

3. On or about June 18, 2017, FREW, using the Frew Account, messaged MINOR VICTIM 1's account and requested pictures of MINOR VICTIM 1's breasts, buttocks, and genitals in different poses, writing, among other things: "k, go take ur shower then do 6 pix for me." MINOR VICTIM 1 responded, among other things: "two if [sic] each part" "??" FREW responded, among other things: "Ya" "And maybe spread ur pussy for me in one."

4. MINOR VICTIM 1 responded "Ok," and, later that evening, sent the Frew Account six jpg image files. A subsequent law enforcement search of MINOR VICTIM 1's electronic device revealed that two of these jpg image files depicted MINOR VICTIM 1's breasts ("Images A and B"), two of these images depicted MINOR VICTIM 1's buttocks ("Images C and D"), and two of these images depicted MINOR VICTIM 1's genitalia ("Images E and F"). In one of the images of MINOR VICTIM 1's buttocks, Image D, MINOR VICTIM 1's genitalia are also visible.

5. Additionally, during online conversations between MINOR VICTIM 1 and FREW, FREW, using the Frew Account, pressured MINOR VICTIM 1 to masturbate on camera for him using an online, real-time video-telephony service ("Video Chat"), and to watch him masturbate using Video Chat. On or about June 6, 2017, FREW, using the Frew Account, messaged MINOR VICTIM 1's account and stated that it was not too much to ask for MINOR VICTIM 1 to masturbate on camera while watching FREW masturbate on Video Chat once per week. FREW also messaged MINOR VICTIM 1's account and advised MINOR VICTIM 1 that FREW did not want any more excuses and did not believe MINOR VICTIM 1 when MINOR VICTIM 1 stated that MINOR VICTIM 1 could not masturbate on camera due to an injured ankle.

6. On or about June 13, 2017, FREW, using the Frew Account, messaged MINOR VICTIM 1's account and referenced a previous night on which MINOR VICTIM 1 had masturbated on camera for him using Video Chat.

7. On or about June 20, 2017, MINOR VICTIM 1, using an online messaging service, sent the FREW Account one video of roughly thirty (30) seconds in duration, constituting child pornography, which depicts a close-up of the genitals of MINOR VICTIM 1 being penetrated by the fingers of one of MINOR VICTIM 1's hands. MINOR VICTIM 1 is lying down, wearing a black brassiere, and MINOR VICTIM 1's body is partially visible in the background. FREW, using the Frew Account, messaged MINOR VICTIM 1's account, "WOW!!! That was hot. What made u do that?" MINOR VICTIM 1 responded "Idk," meaning I don't know. FREW responded, among other things, "And who took the vid because its impossible to do on ur own and I don't even see ur other hand." Later, in discussing the same video, FREW wrote "U were fingering urself for 10 mins? Why? What or who got u sooo horny? Ur never honey [sic] for or with me."

8. In or about January 2018, the HSI Office in Ottawa, Canada, obtained records from an electronic mail service provider, which revealed that the email address associated with the Frew Account was created in the name of defendant FREW. The records further provided the dates and IP addresses of the logins to the email address associated with the Frew Account.

9.  In or about April 2018, law enforcement in the United States obtained records from an internet service provider, which set forth the subscriber information for the IP addresses which had last logged into the email address associated with the Frew Account as of approximately December 2017. The last IP addresses to log into the email address were assigned to a consumer internet account subscribed under the name of defendant FREW's relative, at a residential address in Little Egg Harbor, New Jersey ("the Residence") — the same address provided by FREW as part of his registration as a sex offender.

10. On or about August 7, 2018, based on its investigation, law enforcement obtained a warrant to search the premises of the Residence for evidence relating to child pornography.

11. Law enforcement executed the search of FREW's Residence on or about August 9, 2018. The search recovered, among other devices, a personal computer, two cellular telephones, and a tablet computer from FREW's bedroom within the Residence.

12. A forensic examination of the personal computer revealed, among other things, backups of some of the message communications between the Frew Account and MINOR VICTIM 1's Account, which FREW had deleted from his tablet computer. Included among these backups was a record confirming the receipt on June 18, 2017, of Image F — one of the images of MINOR VICTIM 1's genitalia sent by MINOR VICTIM 1 to the Frew Account on that date. The jpg image file itself had been deleted, but the backup file confirmed FREW's receipt of a message with Image F attached on that date.

13. Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the images and video described in paragraphs 4, 7, and 12 above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, based upon, among other things, the presence of backups on FREW's personal computer of some of the surrounding communications with MINOR VICTIM 1, including a record of the receipt of Image F, and law enforcement's knowledge that defendant FREW received these images and video from MINOR VICTIM 1 through an online messaging service over the Internet.