

## U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*402 East State Street, Room 430*      609-989-2190
*Trenton, New Jersey 08608*

AER/PL AGR
2018R00756

May 20, 2022

Benjamin J. West, Esq.
Assistant Federal Public Defender
Office of the Federal Defender for the District of New Jersey
22 South Clinton Avenue
Station Plaza #4, Fourth Floor
Trenton, New Jersey 08609

*RECEIVED JUL 18 2022 AT 8:30 WILLIAM T. WALSH CLERK*

        Re:  <u>Plea Agreement with David M. Frew</u>
             Criminal No. 22-483 (MAS)

Dear Mr. West:

       This letter sets forth the plea agreement between your client, David M. Frew ("FREW"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on April 12, 2022, if it is not accepted in writing by that date.

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from FREW to a two-count Information, which charges in Count One that FREW received child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and in Count Two that FREW engaged in online enticement of a minor, in violation of 18 U.S.C. § 2422(b). If FREW enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against FREW for his conduct set forth in the Complaint in the matter of *United States v. David M. Frew*, 19-mj-4575 (LHG) from May 2017 to August 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, FREW agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by FREW may be commenced against him, notwithstanding the expiration of the limitations period after FREW signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which FREW agrees to plead guilty in Count One carries, for a first time offender, a statutory mandatory minimum sentence of 5 years' imprisonment, a statutory maximum sentence of 20 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

However, pursuant to 18 U.S.C. § 2252A(b)(1), because FREW has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the violation of 18 U.S.C. § 2252A(a)(2)(A) to which FREW agrees to plead in Count One carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of forty (40) years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. FREW agrees that he shall admit, on the record and under oath at a plea hearing, that he has at least one prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children.

The violation of 18 U.S.C. § 2422(b) to which FREW agrees to plead guilty in Count Two carries a statutory mandatory minimum sentence of 10 years' imprisonment, a statutory maximum sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon FREW is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act,

18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence FREW ultimately will receive.

Further, in addition to imposing any other penalty on FREW, the sentencing judge: (1) will order FREW to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order FREW to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require FREW to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should FREW be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, FREW may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should FREW while on supervised release be found, in a manner that satisfies <u>United States v. Haymond</u>, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, FREW must be sentenced to at least five (5) years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

The sentences on Counts One and Two may run consecutively.

Rights of This Office Regarding Sentencing

     Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on FREW by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of FREW's activities and relevant conduct with respect to this case.

Stipulations

     This Office and FREW agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or FREW from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

     As set forth in Schedule A, this Office and FREW waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

FREW agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories on which law enforcement, on or about August 27, 2018, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Indictment; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Indictment and all property traceable to such property; including: (i) an iPhone 4s cellular telephone, bearing serial number C8PL815YDTF9, (ii) an iPhone 7 cellular telephone, bearing serial number F73SJPAPHG6W, (iii) an iPad Air tablet computer, bearing serial number DMPQN2ECFK10, and (iv) an HP Envy M6 personal computer, bearing serial number CND25012YH, all of which were seized from 68 Chatham Road, Little Egg Harbor, New Jersey 08087, on August 9, 2018 (collectively, the "Forfeitable Property").

FREW further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. FREW agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. FREW understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

FREW hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment. FREW consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the Forfeitable Property. FREW waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement.  FREW further waives any additional notice requirement in connection with the forfeiture and abandonment of this property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

      FREW understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. FREW understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. FREW wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. FREW understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, FREW waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

      FREW understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. FREW wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. FREW understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, FREW waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

      FREW has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where FREW resides; where he is an employee; and where he is a student. FREW understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. FREW further understands that the requirement to keep the registration current includes informing at least one

jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. FREW has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against FREW. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against FREW.

No provision of this agreement shall preclude FREW from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that FREW received constitutionally ineffective assistance of counsel.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

No Other Promises

This agreement constitutes the plea agreement between FREW and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: ALEXANDER E. RAMEY
Assistant United States Attorney

APPROVED:

J. BRENDAN DAY
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Office

    I have received this letter from my attorney, Benjamin J. West, Esq. I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


*s/ Benjamin West for David Frew*　　　　　　Date:　5/23/22
_____
David M. Frew


    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


*s/ Benjamin West*　　　　　　　　　　　　Date:　5/23/22
_____
Benjamin J. West, Esq.

Plea Agreement With David M. Frew

Schedule A

1. This Office and David M. Frew ("FREW") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and FREW nevertheless agree to the stipulations set forth herein and agree that the Court should sentence FREW within the Guidelines range that results from the Agreed Total Guidelines Offense Level (as defined in paragraph 18), subject to the applicable statutory mandatory minimum terms of imprisonment. This Office and FREW further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the Agreed Total Guidelines Offense Level, subject to the applicable statutory mandatory minimum terms of imprisonment.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

### Count One
### (Receipt of Child Pornography)

3. The applicable guideline is U.S.S.G. § 2G2.2.

4. This guideline carries a Base Offense Level of 22. *See* U.S.S.G. § 2G2.2(a)(2).

5. The offense involved the use of a computer for the receipt of the material or for accessing with intent to view the material. The offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G2.2(b)(6).

6. The offense involved at least 10, but fewer than 150 images. The offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G2.2(b)(7)(A).

7. The parties agree that the Adjusted Base Offense Level for Count One is 26.

### Count Two
### (Online Enticement of a Minor to Engage in Criminal Sexual Conduct)

8. The applicable guideline is U.S.S.G. § 2G1.3.

9. This guideline carries a Base Offense Level of 28 for the violation of 18 U.S.C. § 2422(b) charged in Count Two. *See* U.S.S.G. § 2G1.3(a)(3).

10. The offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, and coerce a minor to engage in prohibited sexual conduct. The offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G1.3(b)(2).

11. The offense involved the use of a computer to persuade, induce, entice, and coerce a minor to engage in prohibited sexual conduct. The offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G1.3(b)(3).

12. The parties agree that the Adjusted Base Offense Level for Count Two is 32.

## Grouping Analysis

13. Counts One and Two group because they involve the same victim and two or more acts or transactions connected by a common criminal objective and constituting part of a common scheme or plan. U.S.S.G. § 3D1.2(b).

14. Accordingly, there is one count group.

15. Pursuant to U.S.S.G. § 3D1.4, the highest offense level applicable to any single Group is 32 and the Combined Base Offense Level for Counts One and Two is 32.

## Acceptance of Responsibility

16. As of the date of this letter, FREW has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if FREW's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

17. As of the date of this letter, FREW has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in FREW's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) FREW enters a plea pursuant to this agreement, (b) this Office in its discretion determines that FREW's acceptance of responsibility has continued through the date of sentencing and FREW therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) FREW's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

### Agreed Total Guidelines Offense Level

18. In accordance with the above, the parties agree that the total Guidelines offense level applicable to FREW is 29 (the "Agreed Total Guidelines Offense Level"), subject to any applicable statutory mandatory minimum sentence. *See* U.S.S.G. § 5G1.1.

### No Departures or Variances

19. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the Agreed Total Guidelines Offense Level, subject to the applicable statutory mandatory minimum terms of imprisonment is reasonable.

### Appellate Waiver

20. FREW knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Agreed Total Guidelines Offense Level, subject to the applicable statutory mandatory minimum terms of imprisonment. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the from the Agreed Total Guidelines Offense Level, subject to the applicable statutory mandatory minimum terms of imprisonment. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category, except that the parties agree that FREW has at least one prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, and will not file any appeal, motion, or writ which challenges the Court's finding that he has one such conviction. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts any stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

21. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph. Moreover, the preceding paragraph does not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).